**Luis Antonio Hernandez CAMACHO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

Nos. 07–72328, 07–74065.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cara Jobson, Wiley & Jobson, San Francisco, CA, for Petitioner.

John P. Devaney, Esquire, OIL, Monica Antoun, Esquire, Susan Houser, DOJ— U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Luis Antonio Hernandez Camacho, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including due process violations, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). We deny both petitions for review.

■ Contrary to Hernandez Camacho's contention that his due process rights were violated because of a transcript error, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Hernandez Camacho failed to demonstrate that redoing the transcript would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

■ The BIA did not abuse its discretion in denying Hernandez Camacho's motion to reopen where he failed to show statutory eligibility for cancellation of re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval. *See* 8 C.F.R. § 1003.2(c)(1); *see also Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002).

In light of our disposition, Petitioner's motion to supplement the record is denied as moot.

**PETITIONS FOR REVIEW DENIED.**